

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICCI JOSEPH CAPIRCI, | |
| Plaintiff, | 3:09-cv-0004-LRH-RAM |
| vs. | **ORDER** |
| CHRISTINE CARMAZZI, *et al.*, | |
| Defendants. | |

Plaintiff, an inmate proceeding *pro se*, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-3). The Court has screened the complaint and finds that it requires amendment.

## I.   Screening Standard Pursuant to 28 U.S.C. § 1915A

The Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

/ / /

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of the Complaint

Plaintiff sues Defendants Christine Carmazzi, Patrick J. Conmay, Jeff Gilbert, Don Helling, James Kelly, Carin Randle, Matthew Smith, Chandra Thomas, Gregg White, Margaret Whittington, and Stephanie Humphrey in their individual and official capacities for violation of his constitutional rights. In Count I, Plaintiff alleges that Defendants Randle, White, Humphrey, Helling, Whittington, and Conmay violated his right to free speech under the First Amendment. In Count II, Plaintiff alleges that Defendants Randle, White, and Humphrey conspired to deprive him of his First Amendment rights. In Count III, Plaintiff alleges that Defendants Randle, White, Humphrey, Helling, and Whittington violated his right to due process under the Fourteenth Amendment. In Count IV, Plaintiff alleges that Defendants Randle, White, Kelly, Humphrey, Helling, Whittington, and Conmay violated his right to due process under the Fourteenth Amendment. In Count V, Plaintiff alleges that Defendants Thomas, Smith, Gilbert, Humphrey, Helling, and Whittington violated his right to free speech under the First Amendment. In Count VI, Plaintiff alleges that Defendants Thomas and Smith conspired to deprive him of his First Amendment rights. In Count VII, Plaintiff claims that Defendants Humphrey, Helling, Randle, White, Smith, Kelly, Gilbert, Conmay, Carmazzi, and Whittington violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.

### A. Defendants

Plaintiff sues all the defendants in both their individual and official capacities. In *Kentucky v. Graham*, the Supreme Court clarified the distinction between official and personal capacity suits. 473 U.S. 159, 165 (1984). The Court explained that while individual capacity suits seek to impose

personal liability upon a government official for actions performed under color of state law, official capacity actions generally represent another way "of suing an entity of which an officer is an agent." *Id.* (quoting *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). In order to establish personal liability in a §1983 action, a plaintiff must show that an individual, acting under color of state law, caused a deprivation of a federal right. *Graham*, 473 U.S. at 166. By contrast, in an official-capacity action, a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of a federal law. *Id.* That is to say, "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48 (citation omitted). States and state officers sued in their official capacities are not "persons" for purposes of a § 1983 action and may not be sued under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). On the other hand, § 1983 allows suits against state officers in their individual capacities for acts they took in their official capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Because individuals may not be sued in their official capacities under § 1983 for their actions, and Plaintiff has not alleged a policy or custom contributed to the violations of federal law, Plaintiff's claims against the defendants in their official capacities are dismissed with leave to amend.

**B.   Count I**

In Count I, Plaintiff alleges that Defendants Randle, White, Humphrey, Helling, Whittington, and Conmay violated his right to free speech under the First Amendment. Plaintiff claims that he was fired from his position as the Warm Springs Correctional Center ("WSCC") librarian because he made the comment, "How will that affect the other two inmates who were also caught smoking this week?" during a September 16, 2007, conversation with his work supervisor Defendant Randle. Defendant Randle discussed the comment with Defendant White, they concluded the comment was

inappropriate, and he was terminated from his position. Defendant Humphrey upheld the decision and denied Plaintiff's first level grievance. Defendant Helling upheld the decision and denied Plaintiff's second level grievance. Defendant Whittington approved the grievance responses to Plaintiff. Defendant Conmay found Plaintiff's claim was unfounded and failed to investigate or correct the constitutional violations by the other defendants.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). More specifically, "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Here, taking the facts Plaintiff alleged in the most favorable light, Plaintiff has averred a viable First Amendment claim, and Count I may proceed on the complaint.

///

### C. Count II

In Count II, Plaintiff alleges that Defendants Randle, White, and Humphrey conspired to deprive him of his First Amendment rights when they discussed the inappropriate comment incident referred to in Count I and punished him for it.

The Ninth Circuit imposes a heightened pleading standard in cases in which subjective intent is an element of a constitutional tort action. *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991)(*Branch I*), *cert. denied*, 114 U.S. 2704 (1994), *reaffirmed*, 14 F.3d 449 (9th Cir. 1994)(*Branch II*). A claim of conspiracy involves a determination of defendants' subjective intent, thus, the heightened pleading standard applies in this case. In order to survive a motion to dismiss, "plaintiffs must state in their complaint nonconclusory allegations setting forth evidence of unlawful intent." *Id.* These allegations "must be specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity." *Id.*, quoting *Whitacre v. Davey*, 890 F.2d 1168, 1171 (D.C. Cir. 1989). The nonconclusory allegations of subjective motivation may be supported by either direct or circumstantial evidence. *Branch v. Tunnell*, 937 F.2d at 1387.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some over act was done in furtherance of the conspiracy. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974). Here, Plaintiff fails to allege specific facts to support the existence of a conspiracy and thus fails to state a claim for conspiracy upon which relief may be granted. Therefore, Count II must be dismissed with leave to amend.

### D. Count III

In Count III, Plaintiff alleges that Defendants Randle, White, Humphrey, Helling, and Whittington violated his due process rights under the Fourteenth Amendment when they punished

him for violating a rule that does not exist pertaining to the inappropriate comment incidence referred to in Count I.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id.* Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id.* In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Here, Plaintiff alleges that Defendants' actions resulted in a change in his status, loss of his employment, loss of his study and project notes, and loss of the opportunity to use Education Department materials to develop an employable skill. Plaintiff has not provided sufficient facts to substantiate that the loss of status and privileges imposed an atypical and significant hardship upon him in relation to the ordinary incidents of prison life. As such, Plaintiff fails to state a due process claim upon which relief can be granted, and Count III must be dismissed with leave to amend.

### E.  Count IV

In Count IV, Plaintiff alleges that Defendants Randle, White, Kelly, Humphrey, Helling, Whittington, and Conmay violated his due process rights under the Fourteenth Amendment. Plaintiff claims that he was punished for an infraction of an non-existent regulation. Plaintiff was given a NOC (Notice of Charges) for "presence in an unauthorized area" for being in the library without permission after he was terminated as the prison librarian. Plaintiff asserts that there was not "a NDOC regulation prohibiting or restricting library access to a fired librarian or Education Department employee, only Austere Housing inmates are prohibited direct access to the library, Plaintiff was in General Population at this time, neither written nor verbal notification of any prohibition or restriction was given to Plaintiff, precedents of any previously fired librarian and

Education porter presently using the library without harassment, and this incident followed at least four unharassed [sic] library visits after being fired."

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id.* Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id.* In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Here, Plaintiff has not provided sufficient facts to substantiate that being charged with an allegedly baseless infraction imposed an atypical and significant hardship upon him in relation to the ordinary incidents of prison life. As such, Plaintiff fails to state a due process claim upon which relief can be granted, and Count IV must be dismissed with leave to amend.

### F.    Count V

In Count V, Plaintiff alleges that Defendants Thomas, Smith, Gilbert, Humphrey, Helling, and Whittington violated his right to free speech under the First Amendment. Plaintiff alleges that he was punished for the criticisms in his January 30, 2008, kite to his caseworker, Defendant Thomas. Plaintiff states that his kite listed four reasons for a transfer to NNCC, Defendants Thomas and Smith discussed the kite and decided to issue a NOC to Plaintiff for making a threat. Plaintiff also states that his kite documented WSCC staff misconduct. Defendant Gilbert found Plaintiff guilty of the charges in the NOC. Defendants Humphrey and Helling upheld the guilty finding on appeal.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima

facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). More specifically, "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Here, taking the facts Plaintiff alleged in the most favorable light, Plaintiff has averred a viable First Amendment claim, and Count V may proceed on the complaint.

### G. Count VI

In Count VI, Plaintiff alleges that Defendants Thomas and Smith conspired to deprive him of his First Amendment rights. Plaintiff states that Defendants Thomas and Smith discussed the criticisms he made in his January 30, 2008, kite and concluded that he should be punished.

The Ninth Circuit imposes a heightened pleading standard in cases in which subjective intent is an element of a constitutional tort action. *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991)(*Branch I*), *cert. denied*, 114 U.S. 2704 (1994), *reaffirmed*, 14 F.3d 449 (9th Cir. 1994)(*Branch II*). A claim of conspiracy involves a determination of defendants' subjective intent, thus, the heightened pleading standard applies in this case. In order to survive a motion to dismiss, "plaintiffs

9

must state in their complaint nonconclusory allegations setting forth evidence of unlawful intent." *Id.* These allegations "must be specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity." *Id.*, quoting *Whitacre v. Davey*, 890 F.2d 1168, 1171 (D.C. Cir. 1989). The nonconclusory allegations of subjective motivation may be supported by either direct or circumstantial evidence. *Branch v. Tunnell*, 937 F.2d at 1387.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some over act was done in furtherance of the conspiracy. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974). Here, Plaintiff fails to allege specific facts to support the existence of a conspiracy and thus fails to state a claim for conspiracy upon which relief may be granted. Therefore, Count VI must be dismissed with leave to amend.

### H. Count VII

In Count VII, Plaintiff claims that Defendants Humphrey, Helling, Randle, White, Smith, Kelly, Gilbert, Conmay, Carmazzi, and Whittington violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that the defendants "acted in a manner to psychologically harass Plaintiff." He further states that, "Not only did these defendants assault Plaintiff's psychological well-being, but showed egregious indifference to the community by callously effectuating the release of an ill-prepared inmate, and disrespected this Court's valuable time by not resolving simple and obvious issues through their own administrative processes." Plaintiff repeatedly states that Defendants' actions were rude, demeaning, dehumanizing, and humiliating. He also states that he suffered severe anxiety and depression.

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury

suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In order to maintain an action seeking relief for emotional distress suffered by a prisoner while in custody, there must be an allegation of actual physical injury. *Zehner v. Trigg*, 952 F. Supp. 1318, 1322-23 (S.D. Ind. 1997) (exposure to asbestos during performance of prison job is not "physical injury" to support claim for mental or emotional injury), *affirmed* 133 F.3d 459, 460 (7th Cir. 1997). The alleged physical injury must be more than *de minimus*, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (sore, bruised ear lasting for three days was *de minimus* injury and fell short of requisite physical injury to support a claim for emotional or mental suffering); *Evans v. Allen*, 981 F. Supp. 1102, 1109 (N.D. Ill. 1997) (allegation that prisoner had "bodily fluids thrown on [him]" insufficient to satisfy injury requirement of section 1997e(e)); *Luong v. Hatt*, 979 F. Supp. 481, 485-86 (N.D. Tex. 1997) (minor injuries lasting a few days insufficient to satisfy section 1997e(e)). Here, Plaintiff has not alleged any actual physical injury. Thus, Plaintiff fails to state an Eighth Amendment claim upon which relief may be granted, and Count VII must be dismissed with leave to amend.

### III. Conclusion

Based on the foregoing, Plaintiff's First Amendment claims in Counts I and V may proceed on the complaint, and Counts II, III, IV, VI, and VII are dismissed with leave to amend. Plaintiff's claims against all the defendants in their official capacities are dismissed with leave to amend. Plaintiff may submit an amended complaint if he believes he can correct the deficiencies noted above.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that Counts II, III, IV, VI, and VII are **DISMISSED with leave to amend.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against all Defendants in their official capacities are **DISMISSED with leave to amend.**

**IT IS FURTHER ORDERED** that Plaintiff shall submit an amended complaint, if he

believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, 3:09-CV-0004-LRH-RAM, above the words "FIRST AMENDED"in the space for "Case No."

**IT IS FURTHER ORDERED** that, if Plaintiff fails to submit a timely amended complaint, this action will proceed on Counts I and V ONLY.

**IT IS FURTHER ORDERED** that the Clerk shall send to Plaintiff two copies of a blank Section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **DETACH AND FILE** Plaintiff's Motion to Use Additional Pages in Complaint (#1-1). Plaintiff's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **DETACH AND FILE** Plaintiff's Motion to Exceed Copy Cost Limitation (#1-3). Plaintiff's Motion is **DENIED**.

DATED: May 18, 2010.

_____
UNITED STATES MAGISTRATE JUDGE